(No. 89-CV-1315– )

*In re* APPLICATION OF BEATRICE RODRIGUEZ

*Order filed November 28, 1989.*
*Opinion filed March 13, 1992.*
*Opinion filed July 31, 1992.*

BEATRICE RODRIGUEZ, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (DANIEL BRENNAN, JR., CHARLES DAVIS, JR., and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

ORDER

BURKE, J.

This claim arises out of an incident that was discovered on March 31, 1989. The Claimant, Beatrice Rodriguez, mother of the minor, Ruben Rodriguez, Jr., seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on May 22, 1989 on the form prescribed by the Attorney General, and an investigatory

report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 31, 1989, it was discovered that one of the Claimant's daughters had been sexually abused by the Claimant's husband. The incident occurred at their residence located at 3136 South Emerald, Chicago, Illinois. The offender has been apprehended, prosecuted, and convicted of aggravated criminal sexual abuse. It has been determined that Ruben Rodriguez, Jr. was not sexually abused by the offender.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

3. That it has been determined that the minor was not sexually abused by the offender. Therefore, the minor is not a victim of one of the violent crimes specifically set forth under section 72(c) of the Act, as no crime occurred.

4. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

POCH, J.

This claim arises out of an incident that was claimed to have occurred on March 31, 1989. The Claimant, Beatrice Rodriguez, mother of the minor, Ruben Rodriguez, Jr., seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to

as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

The Court had previously denied the claim after reviewing the application for benefits and the investigatory report of the Attorney General. The basis of the denial was that the minor was not sexually abused by his stepfather, Ruben Rodriguez and, therefore, the minor was not a victim of a violent crime as defined by section 72(c) of the Act which is a prerequisite for compensation.

The Claimant requested reconsideration of the denial of the claim and the mother was referred to a commissioner of the Court. The evidence showed that Ruben Rodriguez, Sr. had been charged with sexual abuse of Crystal Rodriguez, a sister of Ruben Rodriguez, Jr. At the request of the State's Attorney's Office, the Claimant had her daughters, Crystal and Lisa, and her son, Ruben Rodriguez, Jr., examined by a physician to determine if there was any objective evidence of sexual abuse. Examination of Ruben Rodriguez, Jr. showed no sign of sexual abuse and no charges were brought against Ruben Rodriguez, Sr. relating to Ruben Rodriguez, Jr.

The Claimant incurred bills of $150 for each child. The State's Attorney's Office did not pay those medical bills even though the examinations were conducted at the request of that office.

In order for the Claimant's child to be eligible for compensation under the Act, there must be evidence that the child was a victim of a violent crime as set forth in section 72(c) of the Act. Since this minor child was not sexually abused by his stepfather, the minor is not a victim of a violent crime even if one of the other children of the Claimant was the victim of a violent crime.

The Claimant has not met a required condition

precedent for compensation under the Act. It is recommended that the Claimant submit the medical bills to the office of the Cook County State's Attorney for payment through the victim witness program.

It is hereby ordered that this claim be and the same is hereby denied.

## OPINION

SOMMER, J.

The Claimant, Beatrice Rodriguez, brought this Crime Victims Compensation claim for medical bills incurred as a result of physical examinations and hospital tests that were done on her two children, Lisa and Ruben Rodriguez, Jr.

There is no dispute that Beatrice Rodriguez' husband, Ruben Rodriguez, Sr., had been charged with the sexual abuse of one of their daughters, Crystal. When that abuse was brought to the attention of the Cook County State's Attorney's Office, an assistant State's Attorney told Ms. Rodriguez to have Lisa and Ruben evaluated by appropriate medical authorities to determine whether either of those children had been sexually abused. Evidently, the prosecution would have utilized that evidence in their criminal prosecution of the defendant, Ruben Rodriguez, Sr. Fortunately, as it turned out, neither of these two children showed any medical signs of sexual abuse and, therefore, there were no additional charges brought against Ruben Rodriguez, Sr.

Ms. Rodriguez incurred bills of $150 for each child as a result of these examinations which took place at the behest of the prosecution. There was no evidence presented to contradict the evidence of Ms. Rodriguez, and the scenario is perfectly logical in light of the nature of

the criminal justice system. Eventually, Mr. Rodriguez was convicted of a felony and sentenced. Ms. Rodriguez brought this matter after the State's Attorney's Office failed to pay for the examinations.

In order to recover under the Crime Victims Compensation Act, an applicant must have been injured or potentially injured as a result of a crime perpetrated against that person, or be the parent of a child so injured or potentially injured. (Ill. Rev. Stat., ch. 70, par. 72 2(d)7.) As no crime was perpetrated against the children in this claim, there can be no recovery. In other words, Lisa and Ruben Rodriguez, Jr., were not crime victims and their parent cannot recover under the Crime Victims Compensation Act.